Mr. Associate Justice Figueras did not sit at the hearing of this case.

---

MUNICIPAL COUNCIL OF CAGUAS *v.* THE PEOPLE OF PORTO RICO.

APPEAL from the District Court of San Juan.

No. 5.—Decided April 17, 1903.

LIABILITY OF COUNCILS.—MAYORS.—AND COUNCILMEN.—Councils, mayors and councilmen incur liability through negligence or omission that may result to the prejudice of the interests and services entrusted to their care, and proceedings can only be instituted against them when that liability is clearly established.

ID.—Each municipal council, as a body politic, is responsible for its quota of jail expenses to the municipal council constituting the capital of the district, the latter having power, under the municipal law in force, to compel payment thereof through summary proceedings against the former, but not against councilmen individually whose responsibility, in a proper case, lies with the council of their respective municipality.

STATEMENT OF THE CASE.

In the matter of the litigative-administrative appeal pending before us, between the Municipal Council of Ca-

---

(*) For the reasons set forth in the foregoing judgment on appeal in cassation, the dilatory exception of the plaintiff's lack of capacity was overruled, while the other findings contained in the judgment annulled, were affirmed.

los Concejales personalmente, cuya responsabilidad, en su caso, es para con el Ayuntamiento del correspondiente municipio.

### EXPOSICIÓN DEL CASO.

En el recurso contencioso-admininistrativo que ante Nos pende en grado de apelación, entre el Ayuntamiento de Caguas, representado por el Letrado Don Jacinto Texidor, y El Pueblo de Puerto Rico, representado por el Fiscal, sobre revocación de la sentencia dictada por el Tribunal de Distrito de San Juan, que literalmente dice así:

En la ciudad de San Juan de Puerto Rico á los veinte y nueve días del mes de Agosto de mil novecientos dos.—Vista esta demanda contencioso-administrativa promovida por el Letrado Don Herminio Diaz Navarro, en representación del Ayuntamiento de la ciudad de Caguas, contra resolución dictada por el Tesorero de Puerto Rico, disponiendo que el Ayuntamiento de Caguas para cobrar lo que le adeuda el de Comerío por gastos carcelarios debía proceder contra los Concejales de que el último se componía cuando se originó el débito y no contra la Corporación Municipal, representada la Administración por el Sr. Fiscal.

*Resultando:* que formado expediente de apremio por gastos carcelarios que el Ayuntamiento de Comerío adeuda al de Caguas por 1897 á 98 y 1898 á 99, con recargo del dos por ciento, ascendente á mil cuarenta y seis pesos ochenta y un centavos, y constituido el Comisionado de Apremios de Caguas en la casa Ayuntamiento del pueblo de Comerío, donde estaba reunida la Corporación Municipal, y notificada ésta con la boleta, manifestó que la cabecera del distrito, en ningún tiempo, á pesar de haberlo Comerío exigido, Caguas no ha pasado la liquidación que previene el artículo 7 del Real Decreto de 11 de Marzo de 1880, y extinguida aquella cabecera, los municipios que formaban el distrito tienen perfecto derecho á conocer el estado de la cabecera, sus entradas, salidas, muebles, y, en una palabra, el inventario; se dá por notificada con protesta, por lo expuesto, solicitando nuevamente la liquidación.

*Resultando:* que según acuerdo del Ayuntamiento de Caguas, con posterioridad, al darse cuenta con los expedientes de apremios de los pueblos, por gastos carcelarios, se consignó respecto del de Comerío estar pendiente de una liquidación que necesita y la que no puede suministrarse porque el ex-depositario no ha rendido las cuentas carcelarias correspondientes al año próximo pasado, y acordó que es asunto independiente la liquidación de la cuenta de cárceles de la reclamación que le hace el de Caguas, y deben utilizarse todos los procedimientos que la ley concede, procediéndose á nuevo requirimiento, al que contestó Comerío ratificando lo manifestado anterior-

guas, represented by attorney Jacinto Texidor, and The People of Porto Rico, represented by the Fiscal, for a reversal of the judgment rendered by the District Court of San Juan, which literally reads:

"In the city of San Juan, Porto Rico, this 29th day of August, 1902. In view of this litigative-administrative complaint filed by attorney Herminio Díaz Navarro, on behalf of the Municipal Council of Caguas against a decision rendered by the Treasurer of Porto Rico, to the effect that in order to recover the debt due to the Municipal Council of Caguas by the Municipal Council of Comerío, for jail expenses, the former should institute proceedings against the Councilmen constituting the latter at the time the debt was incurred, and not against the Municipal Corporation, the Administration being represented by the Fiscal.

The Municipal Corporation of Caguas instituted compulsory proceedings (*expediente de apremio*) for the collection of the assessment for jail expenses due to the former by the Municipal Corporation of Comerío, appertaining to the fiscal years 1897-8 and 1898-9, which, together with two per cent. additional assessment, amounted to one thousand forty-six *pesos* and eighty-one *centavos*. The agent commissioned by the Municipal Council of Caguas to enforce the collection of the debt appeared at the town-hall of Comerío and having served the warrant upon the Municipal Council there assembled, the latter stated that the Capital of the district had never produced the liquidation prescribed by Art. 7 of the Royal Decree of March 11, 1880, and said Capital having been abolished, the municipalities which formerly constituted the district had a perfect right to know the financial condition of the principal town, its receipts, disbursements, movable property, or in fact, the inventory. It accepted service of the warrant under protest for the foregoing reasons, and again demanded a liquidation.

According to a resolution of the Municipal Council of Caguas subsequently passed on the occasion of a report of the compulsory proceedings instituted against the towns for the collection of the assessment for jail expenses, that of Comerío was mentioned as pending a liquidation called for by the latter but which could not be submitted because the late depositary had not produced the accounts for jail expenses appertaining to the previous year, and it was resolved that the matter of the liquidation of the jail expenses was independent of the claim presented by Caguas, and all the proceedings allowed by the law should be availed of to prosecute the latter. The municipality of Comerío was again requested to pay, and it replied by ratifying its previous statement, but at the same time offering to pay the four annual assessments, conditioned on the liquidation requested. This proposi-

mente, pero proponiendo además efectuar el pago de cuatro anualidades, á reserva de la liquidación solicitada, lo que no fué admitido por el de Caguas, y habiendo acudido al Honorable Tesorero, éste, sometido el asunto á la Junta Judicial, resolvió que según la Real Orden de 17 de Abril de 1877, el procedimiento no corresponde contra el pueblo mismo, sino contra los que eran Concejales en la época en que se creó la deuda y tomaron parte en su creación, debiendo declararse nulos, y sin ningún efecto los procedimientos de apremio contra el pueblo de Comerío.

*Resultando:* que el Ayuntamiento de Caguas promovió demanda contencioso-administrativa, solicitando se revoque la resolución del Honorable Tesorero de Puerto Rico y se declare que puede y debe continar el Ayuntamiento de Caguas su apremio contra el de Comèrío, sentando como hechos: que Caguas satisfizo todas sus cuotas carcelarias, quedándole adeudando Comerío, de tales gastos, lo que reclama, por lo que inició el apremio, y habiendo acudido la Corporación apremiada al Honorable Gobernador Civil, se pasó la instancia al Sr. Tesorero General, y éste resolvió lo expuesto en el resultando anterior ; que esa resolución se comunica á Caguas que, asesorándose con dos Letrados, acordó interponer este recurso que se admitió, publicándose en la "Gaceta", siendo el derecho: la Real Orden de 17 de Abril de 1877 en lo que á ella se refiere, porque al aplicar la ley, precisa ver si es igual el caso al que se aplica, y la Real Orden citada no lo es al de autos ; que esa disposición dice que según la Real Orden de 15 de Abril de 1874, deben exigirse personalmente las responsabilidades, cuando se pruebe que por descuido ó negligencia de los encargados de la administración municipal se había dado lugar al alcance, probados esos extremos en el caso que resolvía, debía proveerse del modo indicado; que en el caso no se demostró ni se supuso siquiera lo que la disposición dice, y se resolvió de plano la cuestión, volviéndose contra el Tesorero las mismas disposiciones que cita, pues aunque fuera aplicable la Real Orden de 1877, la derogó el artículo 5 del Real Decreto de 11 de Marzo de 1886 ; que esta demanda compete á este Tribunal, según el artículo 15 del Real Decreto de 23 de Noviembre de 1888 ; que la resolución impugnada se encuentra comprendida en los artículos 1 y 2 de dicho Real Decreto y 1 y 3 de su Reglamento.

*Resultando:* que conferido traslado, el Ministerio Fiscal contestó pidiendo se desestime la demanda, y alegando como hechos los expuestos en el primer y segundo resultando, y que contra la resolución del Tesorero se ha interpuesto recurso contencioso-administrativo, siendo el derecho que el Tesorero ha determinado á quien se debe cobrar, sin negar el derecho, citando el artículo 5 del Real Decreto de 11 de Mayo de 1886, y la Real Orden de 17 de Abril de 1877.

*Resultando:* que abierto á prueba se pidió y puso á instancia del actor, testimonio literal del expediente gubernativo referido en el primer y segundo

tion was rejected by Caguas which referred the matter to the Treasurer of Porto Rico who, after hearing the opinion of the judicial Board, decided that according to Royal Order of April 17, 1877, the proceedings should not be instituted against the town, but against the Councilmen in office at the time the debt was incurred and who had intervened in its creation, and that the compulsory proceedings (*expediente de apremio*) had against the town of Comerío should be declared null and void.

Thereupon the Municipal Corporation of Caguas filed a "litigative-administrative" complaint, praying that the decision of the Treasurer of Porto Rico be set aside and the right of the Municipality of Caguas to prosecute aforesaid compulsory proceedings against the Municipality of Comerío, be allowed. The following facts were alleged: That Caguas had paid all its jail assessments, while Comerío was in its debt on account of said expenses, for the amount of its claim, for which reason it had commenced the compulsory proceedings. That the Municipality of Comerío having applied to the Civil Governor, the matter was referred to the Insular Treasurer who decided as set forth in the preceding statement. That said decision having been communicated to the Municipal Corporation of Caguas, the latter, after consulting two attorneys-at-law, resolved to avail itself of this remedy, the complaint herein having been admitted and published in the Gazette. The following legal authorities were cited: Royal Decree of April 17, 1877, in so far as it refers to the matter, because in applying the law it is necessary to ascertain whether the case provided for by the law is the same as the one under consideration, and the aforesaid Royal Order is not applicable to the case at bar. It is stated in said provision that according to Royal Order of April 15, 1874, personal liabilities are incurred when it is shown that a shortage occurred through the carelessness or neglect of those in charge of the municipal administration. Had this been proven in the case under consideration, the decision rendered would have been proper. But it was not shown or even supposed that the circumstances mentioned in the said provision existed, the matter being decided arbitrarily, and the very provisions cited by the Treasurer are against him, for even had the Royal Order of 1877 been applicable, it was repealed by article 5 of the Royal Decree of March 11, 1886. This complaint properly comes under the jurisdiction of this court, according to article 15 of the Royal Decree of November 23, 1888, the contested decision being in accordance with articles 1 and 2 of said Royal Decree and articles 1 and 3 of the Regulation thereof.

Notice of the complaint having been served upon the Fiscal, he answered praying that the same be dismissed, and alleging the facts as set forth in the first and second findings of fact, and that from the decision of the Treasurer a "litigative-administrative" appeal had been

resultando, sin que el Ministerio Fiscal propusiera ninguna por su parte.

*Resultando:* que señalado día para la vista y dada la voz, no acudieron los representantes de las partes á la hora señalada, quedando el juicio para sentencia. Siendo Ponente el Sr. Juez Asociado de este Tribunal, Mr. Henry F. Hord.

*Considerando:* que según la Ley Municipal en todo término que forme municipio habrá un Ayuntamiento á quien corresponde el Gobierno y Administración de cada término municipal, que toma acuerdos en los asuntos de su competencia, los que son ejecutivos, salvo los recursos que las leyes determinan, entrando entre esas facultades la de formar, aprobar y distribuir su presupuesto, recaudándolo y administrándolo, examinando y discutiendo sus cuentas y publicándolas; no pudiendo aplicar al pago y cumplimiento de gasto alguno que exceda de los recursos efectivos, sin que con preferencia á toda otra necesidad se solventen los débitos ó atrasos que resultaren de un año para otro y las obligaciones declaradas por ejecutoria de los Tribunales competentes.

*Considerando:* que el Ayuntamiento de Comerío formó su presupuesto incluyendo en él todas las partidas que por ley se le ordenaban, y que establecido en la época á que este asunto se refiere, que el sostenimiento de las cárceles de partido correspondía á todos los municipios comprendidos en el mismo por distribución proporcional de los gastos generales, con cuya prescripción cumplió dicha Corporación, consignando en su presupuesto la partida correspondiente para ser entregada á la cabecera del partido, Caguas, sin que conste cumpliera con dicha entrega.

*Considerando:* que los Ayuntamientos, Alcaldes y Concejales incurren en responsabilidad por negligencia ú omisión de que pueda resultar perjuicio á los intereses ó servicios que están bajo su custodia, esa responsabilidad hay que plantearla y declararla, y sólo en virtud de ella y de las responsabilidades penales, si á ello hubiere lugar, sería cuando podría procederse contra los bienes de los Concejales que con su omisión hubieran causado el perjuicio.

*Considerando:* que esa declaratoria, como la reclamación de esa responsabilidad subsidiaria, no son ni pueden ser hechas por el Ayuntamiento de Caguas, porque el derecho y acción de éste es contra la entidad jurídica de Comerío que consignó en su presupuesto las partidas reclamadas, y si no los distribuyó é invirtió, suya es la responsabilidad, pues debiendo publicar al principio de cada trimestre un estado de la recaudación é inversión de sus fondos durante el anterior, tenía que enterarse no sólo él, si que el vecindario, del incumplimiento de esas y demás partidas que no hubieran sido satisfechas, y como lo ha sido de los posteriores Ayuntamientos, por estar aun pendiente ese débito que se ha debido seguir consignando en presupuesto.

*Considerando:* que no sería justo que al Ayuntamiento de Caguas se le obligara á perseguir á los Concejales de la época en que el débito se consignó

taken, the law being that the Treasurer had decided as to who should be called upon to pay, without denying the right, citing article 5 of the Royal Decree of May 11, 1886, and Royal Order of April 17, 1877.

At the proceeding for the taking of evidence a literal attested copy of the record of the administrative proceedings referred to in the first and second findings of fact was introduced by the plaintiff, no evidence having been offered by the Fiscal. A day was set for the hearing and the parties being duly cited, their attorneys failed to appear, Mr. Justice Hord rendered the opinion of the court.

According to the Municipal Law in every district constituting a Municipality there shall be a council upon which devolves the government and administration of the municipal district, whose resolutions on matters coming within its province are executory, except where remedies are provided by the laws, such council being empowered to frame, approve and apportion its budget, to collect and administer the same, and to examine, discuss and publish its accounts, but having no power to apply money to any payment in excess of the real resources of the Municipality, and preference to be given over all other demands, to the settlement of liabilities or arrears from former budgets, or obligations arising from executory judgments of competent courts.

The Council of Comerío framed its budget, including in the appropriations all the items authorized by law, and it having been provided during the period to which this matter refers, that the maintenance of all the jails of the district should be borne proportionately by all the municipalities included therein, said council complied therewith by making the proper appropriation in its budget, but failed to pay the amount to Caguas, the Capital of the District.

Councils, *alcaldes* and councilmen incur liability through negligence or omission that may result to the prejudice of the interests and services entrusted to their care, but this liability must be clearly established, and only on the strength thereof and of such attending criminal liability as may be involved, could proceedings be instituted against the property of the councilmen through whose omission the injury was caused. Neither such declaration nor the claim for such subsidiary liability are or could be made by the Municipal Council of Caguas, because its right of action is against the legal entity of Comerío, which included in its budget the items claimed, and if it afterwards failed to apportion and apply them it should be held responsible for the omission, for since it was its duty to publish at the beginning of each quarter a statement of all the receipts and expenses of the preceding one, it must have known, as well as the public at large, about this and other outstanding items which were not paid by it, or by the succeeding councils, and which should have been included in the subsequent budgets.

It would be an injustice to the Municipal Council of Caguas were it

en su presupuesto, porque si resultan insolventes cargaría dicha Corporación con esa partida con perjuicio de los intereses de dicho municipio, beneficiándose el de Comerío, y porque carece de datos, medios y facultades precisas para ello, por constar todo en los archivos de Comerío, y porque en los asuntos definidos como de la privativa competencia municipal, cada Ayuntamiento gozará de toda la libertad de acción compatible con la obediencia á las leyes y con el respeto debido á los particulares.

*Considerando:* que la Real Orden de 8 de Marzo de 1877, publicada en la Gaceta de Madrid del 17 de Abril de dicho año, lo que sienta es: que los Concejales que autorizaren con su voto el acuerdo son responsables ante el municipio, y que, en tal concepto, si no reintegran dentro de breve plazo que el Ayuntamiento le señale, proceda éste á exigirles el importe por apremio, todo lo que viene á corroborar la doctrina desarrollada en los considerandos anteriores, y por ello el artículo 5 del Real Decreto, de Marzo de 1886, sienta: que los Alcaldes de las cabeceras de partido serán los encargados de exigir por trimestres vencidos el pago del contingente de cárceles que haya correspondido á los demás Ayuntamientos, á quienes podrá apremiar caso de necesidad, exigiéndoles, como única condición, que el Ayuntamiento de la cabeza de partido esté al corriente en el pago de su cuota.

*Fallamos:* que debemos declarar, y declaramos, con lugar esta demanda y en su virtud revocamos la resolución reclamada, dictada por el Tesorero de esta Isla en veinte y ocho de Junio de mil novecientos, y declaramos que puede y debe continuar el Ayuntamiento de Caguas su apremio contra el Ayuntamiento de Comerío, por el débito carcelario, sin especial condena de costas.—Así, por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos: Juan Morera Martinez, Henry F. Hord, Juan J. Perea.

*Resultando:* que notificada la sentencia al Letrado representante del Ayuntamiento de Caguas, en 13 de Septiembre último, y en 15 del propio mes al Honorable Attorney General, el segundo interpuso contra ella recurso de apelación, que le fué admitido, habiendo sido emplazadas las partes para ante esta Corte Suprema, en 6 de Octubre siguiente.

*Resultando:* que recibidas las actuaciones en esta Corte Suprema, se personaron ante ella el Honorable Attorney General por El Pueblo de Puerto Rico y el Letrado Don Jacinto Texidor por el Ayuntamiento de Caguas; y redactada la nota correspondiente é instruidas las partes, se señaló

compelled to sue the councilmen who were in office when the appropriation was included in their budget, because should they prove to be insolvent, said Corporation would have to make good the outstanding indebtedness to the prejudice of the interests of said Municipality, thereby benefiting that of Comerío, and because it lacks the data, means and powers necessary for the purpose, which particulars are to be found in the records of Comerío, and because in matters defined as originally appertaining to the jurisdiction of municipalities, each council shall enjoy all such freedom of action as may be consistent with obedience to law and the respect due to individuals.

The Royal Order of March 8, 1877, published in the *Gaceta de Madrid,* of April 17th, of the same year, is to the effect that councilmen who by their votes authorize any resolution, are responsible to the municipality, and in the event of any irregularity should they fail to make reimbursement within the brief term fixed by the council, the latter may institute compulsory proceedings against them to make good the amount of their liability, which supports the doctrine announced in the foregoing conclusions of law, wherefore article 5 of the Royal Decree of March 1886 sets forth : "that *Alcaldes* of district capitals shall be charged with the duty of demanding, at the expiration of every quarter, the payment of the sums apportioned to the other municipal councils, for the maintenence of jails, resorting for the purpose, when necessary, to compulsory proceedings, said district capitals being obliged to pay punctually in the quota apportioned among the municipalities of the district."

We adjudge that we should declare, and do declare, that this complaint does lie, and accordingly reverse the decision rendered by the Treasurer of Porto Rico, June 28, 1900, and declare that the Municipal Council of Caguas may and should prosecute the executory proceedings instituted by it against the Municipal Corporation of Comerío, to recover the debt due it by the latter for jail expenses, without special imposition of costs. Thus by our judgment do we pronounce, order and sign.—Juan Morera Martinez, Henry F. Hord, Juan J. Perea.

Notice of the judgment having been served September 13th last, upon the representative of the Municipal Council of Caguas, and upon the Hon. Attorney General on the 15th of the same month, the latter took an appeal therefrom, which was allowed, and the parties were cited to appear before the Supreme Court on the 6th of October following.

Upon receipt of the record in the this court, the Hon. Attorney General, on behalf of the People of Porto Rico, and Jacinto Texidor Esq., on behalf of the Municipal Council of

día para la vista, que tuvo lugar con asistencia de ambas partes.

Abogado del apelante: *Sr. del Toro*, Fiscal.

Abogado del apelado: *Sr. Texidor.*

EL JUEZ ASOCIADO SR. HERNANDEZ, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho y de derecho preinsertos.

*Considerando:* que estando como está obligado el Ayuntamiento de Comerío á pagar al de Caguas el débito carcelario que se le reclama, debe efectuarse ese pago en la forma que previene la Ley Municipal vigente.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada, que dictó el Tribunal de Distrito de San Juan en 29 de Agosto del año próximo pasado, entendiéndose modificada en el sentido de que para el pago del débito carcelario reclamado, debe procederse en la forma que previene la Ley Municipal citada.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.

---

No. 3.—Resuelto en Abril 20, 1903.

Caguas, entered an appearance. The proper memorandum being prepared and the papers submitted to the parties, a day was set for the hearing at which both parties were present.

*Mr. del Toro,* (Fiscal), for appellant.

*Mr. Texidor,* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of the case, delivered the following opinion of the court:

The foregoing facts and legal propositions are accepted.

It being the duty of the Municipal Corporation of Comerío to pay to the Municipal Corporation of Caguas the amount of its liability for the maintenance of the jails of the district, as claimed, said payment should be made in the manner prescribed by the municipal law in force.

We adjudge that we should affirm, and do affirm, the judgment appealed from, rendered by the District Court of San Juan on August 29, 1902, with a modification to the effect that for the payment of the debt claimed, as the quota due for the maintenance of jails, the procedure established by aforesaid municipal law shall be followed.

Messrs. Chief Justice Quiñones, and Associate Justices Figueras, Sulzbacher and MacLeary, concurring.